# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MINNESOTA DELI PROVISIONS, INC., | Civil No. 06-1275 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| BOAR'S HEAD PROVISIONS CO., INC.; FRANK BRUNCKHORST CO., LLC; and TWIN CITY PROVISIONS, LLC; | |
| Defendants. | |

---

David R. Crosby, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

John Edward Connelly and Jesseca R.F. Grassley, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for defendants Boar's Head Provisions Co., Inc. and Frank Brunckhorst Co., LLC.

Erin K. Turner, **JOHNSON & TURNER**, 56 East Broadway Avenue, Suite 206, Forest Lake, MN 55025, for defendant Twin City Provisions, LLC.

Plaintiff Minnesota Deli Provisions and defendant Twin City Provisions are distributors of gourmet delicatessen products. Minnesota Deli Provisions claims that Twin City Provisions tortiously interfered with Minnesota Deli Provisions's current and prospective contractual relationships with its customers. Defendants Boar's Head Provisions and Frank Brunckhorst Co. are two closely related gourmet cheese companies, and Minnesota Deli Provisions acted as the sole distributor of defendants' products in

Minnesota for several years.  Twin City Provisions has filed a motion to dismiss, and Boar's Head Provisions and Frank Brunckhorst Co. have filed a motion pursuant to Rule 21.  The common question in these motions is whether Twin City Provisions should remain a party to this lawsuit.  In addition, Minnesota Deli Provisions has filed a motion to remand to state court.  For the reasons explained below, the Court grants Boar's Head Provisions's and Frank Brunckhorst Co.'s motion pursuant to Rule 21, denies Twin City Provisions's motion to dismiss as moot, and denies Minnesota Deli Provisions's motion to remand to state court.

## BACKGROUND

Plaintiff Minnesota Deli Provisions distributed Boar's Head delicatessen products in Minnesota since August 2000.  Minnesota Deli Provisions  asserts that it has the exclusive right to distribute Boar's Head products in the state of Minnesota, while defendants Boar's Head Provisions and Frank Brunckhorst Co. characterize the business relationship with Minnesota Deli Provisions as "at will."

This lawsuit arose after defendant Twin City Provisions began distributing Boar's Head products in Minnesota.  Minnesota Deli Provisions alleges that Twin City Provisions contacted grocery stores in an effort to take over the distribution of Boar's Head products to those businesses.  According to Twin City Provisions, it began distributing products to those stores only after defendant Frank Brunckhorst Co. approached Twin City Provisions in late 2005 and explained that it was unhappy with its current distributor and wanted to use a different distributor.

On March 10, 2006, Minnesota Deli Provisions commenced an action in Minnesota state court.  On March 31, 2006, Frank Brunckhorst Co. and Boar's Head Provisions removed the case to this Court on the basis of diversity jurisdiction, and Twin City Provisions later filed a Notice of Consent to Removal.  On April 13, 2006, Twin City Provisions filed a motion to dismiss.  On April 28, 2006, Frank Brunckhorst Co. and Boar's Head Provisions filed a motion pursuant to Rule 21.  On that same day, Minnesota Deli Provisions filed a motion to remand to state court.

## ANALYSIS

### I.      Motion Pursuant To Rule 21

Defendants contend that Minnesota Deli Provisions brought Twin City Provisions into this action solely to defeat this Court's diversity jurisdiction and, therefore, this Court should drop Twin City Provisions from this lawsuit pursuant to Rule 21 and the doctrine of fraudulent joinder.

Rule 21 establishes that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  Courts have used this rule to drop a party who was fraudulently joined in an action for the purpose of preventing removal to federal court. *See* Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1685.  A defendant may establish fraudulent joinder either by showing that there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant or that outright fraud existed in the pleading.  *See Masepohl v. American Tobacco Co.*, 974

F. Supp. 1245, 1250 (D. Minn. 1997).   The court may consider the entire record to determine whether there is factual support for plaintiff's claims against the allegedly fraudulently joined defendants.   *Id.*; *Scientific Computers, Inc. v. Edudata Corp.*, 596 F. Supp. 1290, 1292 (D. Minn. 1984).

The Court concludes that there is no possibility that Minnesota Deli Provisions has stated a colorable cause of action against Twin City Provisions on the facts alleged.   To state a claim of tortious interference with contractual relations, plaintiff must allege that: 1) a contract existed; 2) defendant had knowledge of the contract; 3) defendant intentionally interfered with the contract; 4) defendant's actions were not justified; and 5) plaintiff sustained damages as a result.   *Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 832 (8th Cir. 1996).   Similarly, to state a claim of interference with prospective contractual relations, plaintiff must allege that defendant "intentionally committed a wrongful act that improperly interfered with [plaintiff's] prospective business."   *Id*. "[I]mproper means are those that are independently wrongful such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law."   *Harman v. Heartland Food Co.*, 614 N.W.2d 236, 241 (Minn. Ct. App. 2000); *see H.J., Inc. v. International Tel. & Tel. Corp.*, 867 F.2d 1531, 1548 (8th Cir. 1989).

The complaint alleges that Minnesota Deli Provisions has contractual relations with its customers and that Twin City Provisions knew of these contractual relations.   It further alleges that Twin City Provisions "intentionally and improperly interfered" with those contractual relations by contracting with and accepting appointment by Boar's

Head to distribute Boar's Head products in certain Byerly's grocery stores and contacting those stores. Finally, it alleges that as a result, relationships between Minnesota Deli and the grocery stores have been damaged.

The facts alleged in the complaint show no improper conduct by Twin City Provisions, and the affidavit upon which Minnesota Deli Provisions relies does not cure this defect. The complaint merely alleges that Twin City Provisions accepted an appointment to distribute Boar's Head products, and that Twin City Provisions has contacted certain grocery stores pursuant to that appointment. The affidavit of John Marso, president and owner of Minnesota Deli Provisions, simply asserts that an affiliate of Twin City Provisions, Rod Dente, met with Minnesota Deli Provisions and expressed an interest in purchasing the company.

Minnesota Deli Provisions has not alleged any threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law. *See Harman*, 614 N.W.2d at 241. Minnesota Deli Provisions does not even allege that Twin City Provisions urged Frank Brunckhorst Co. or Boar's Head Provisions to appoint it as a distributor of Boar's Head products. Moreover, even if Minnesota Deli Provisions had alleged that Twin City Provisions unilaterally solicited business from these companies, solicitation in this context would be considered favored competition, not improper conduct. *See United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 633 (Minn. 1982).

Because Minnesota Deli Provisions has failed to allege any improper conduct, it has no chance of success against Twin City Provisions under either theory of recovery. Accordingly, the Court grants defendants' motion pursuant to Rule 21.

## II.     Motion To Dismiss And Motion To Remand To State Court

Because the Court concludes that Twin City Provisions must be dropped from the lawsuit pursuant to Rule 21, the Court denies the motion to dismiss as moot.  The motion to remand also depends on the Court's decision on the Rule 21 motion.  There is no federal question here, and defendant Twin City Provisions defeated diversity jurisdiction because it and plaintiff both reside in Minnesota.  *See* 28 U.S.C. § 1441(b).  Because the Court concludes that Twin City Provisions must be dropped pursuant to Rule 21, and the remaining parties are diverse, the Court denies the motion to remand to state court.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendants Boar's Head Provisions's and Frank Brunckhorst Co.'s motion to drop Twin City Provisions as a party pursuant to Rule 21 [Docket No. 18] is **GRANTED**.

2.     Defendant Twin City Provisions's motion to dismiss [Docket No. 8] is **DENIED as moot**.

3.     Plaintiff Minnesota Deli Provisions's motion to remand to state court

[Docket No. 21] is **DENIED**.


DATED:     August 4, 2006                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                            United States District Judge